COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Frank and Clements


RANDY VERNARD ANDERSON

                                                    MEMORANDUM OPINION[*]
v.       Record No. 1277-04-2                              PER CURIAM
                                                     NOVEMBER 2, 2004
FELICIA ANN ANDERSON


             FROM THE CIRCUIT COURT OF PRINCE EDWARD COUNTY
                          Richard S. Blanton, Judge

            (Derrick Thomas; Troutman Sanders LLP, on brief), for appellant.

            (Henry W. McLaughlin; Central Virginia Legal Aid Society Inc., on
            brief), for appellee.


        On appeal, Randy Vernard Anderson (husband) contends the trial court erred in allowing his

wife to use depositions in support of her divorce petition, equitably distributing the parties'

property, and refusing to allow husband to provide rebuttal evidence regarding the status of a Ford

Bronco.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

                                        BACKGROUND

        Husband married Felicia Ann Anderson (wife) on January 12, 1994.  They separated on

May 24, 1994.  On September 17, 2002, wife filed a bill of complaint seeking a divorce and "such

further and general relief as [wife's] case may require or equity deem proper."

        Husband filed an answer on November 20, 2002, advising wife that he "seeks spousal

support and [he] seeks the income from the sale of a 1985 Ford Bronco II which [he] gave to Ms.

Anderson."

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Husband appeared at a hearing before the trial court on September 23, 2003.[1] Wife was not present. Husband testified that he purchased the Bronco in 1992 or 1993 for $3,500, and it was not financed. He also testified that he never transferred the Bronco's title to wife, nor did he authorize anyone to do so. Husband denied ever encumbering the Bronco as collateral for a loan. Husband also testified that he purchased approximately $3,000 of household furniture prior to the marriage. As a result, husband "requested that he receive no less than $1,000.00 based upon the equitable distribution of marital property."

On November 19, 2003, the trial court conducted another hearing at which wife testified that husband "told her she could have the Ford Bronco" and that husband's mother "had power of attorney and that his mother signed over the title to the Ford Bronco to her." Wife also testified that "she used the Ford Bronco as collateral for a loan from American General to help pay the bills, because she experienced financial hardship after [husband] was incarcerated in May 1994." She also indicated that she sold the living room furniture for $150. Husband's attorney "cross examined [wife] regarding the Ford Bronco and the disposition of the furniture."

"At the conclusion of the November 19, 2003 hearing, [the trial court] ruled that [husband] was entitled to" $100 from wife "regarding the equitable distribution of marital property."

TRID COURT ERRED IN ALLOWING WIFE TO USE DEPOSITIONS
IN SUPPORT OF HER DIVORCE PETITION IN VIOLATION OF
RULE 4:7(A)(6)

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18.

---

[1] In lieu of a transcript, the parties submitted a written statement of facts pursuant to Rule 5A:8(c).

On appeal, appellant argues that the trial court erred "in allowing [wife] to use her and Gladys Eldyasstty's depositions in support of her Divorce Petition when [wife] failed to follow proper procedures in noticing the depositions." However, our review of the record on appeal, including the statement of facts, fails to show that husband ever objected to the depositions or raised the issue in the trial court. Accordingly, Rule 5A:18 bars our consideration of this question on appeal. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.[2]

### TRIAL COURT ERRED IN AWARDING HUSBAND $100 BASED UPON THE EQUITABLE DISTRIBUTION OF PERSONAL PROPERTY WHEN WIFE FAILED TO PRESENT CREDIBLE EVIDENCE THAT APPELLANT GAVE HER THE BRONCO AS A GIFT

Husband argues in his brief that wife "failed to provide the trial Court with any tangible evidence or any other evidence that corroborated her claim that [husband] gave her the Ford Bronco and the title to the vehicle." He also argues there was insufficient evidence "to establish by clear and convincing evidence the elements of donative intent and actual or constructive delivery."

Our review of the record on appeal, including the statement of facts, fails to show that husband made any of these arguments to the trial court. Accordingly, Rule 5A:18 bars our consideration of this question on appeal. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

---

[2] Under Rule 5A:18, the written statement must include facts, testimony, and other incidents of the case. Objections to the court rulings would be included in other incidents of the case.

## TRIAL COURT ERRED IN NOT ALLOWING HUSBAND TO PROVIDE REBUTTAL EVIDENCE REGARDING WIFE'S TESTIMONY THAT HUSBAND GAVE HER THE BRONCO AS A GIFT

Husband alleged in the statement of facts that the trial court denied his attorney's request "that he be allowed to bring [husband] to court for a second time to refute some of [wife's] testimony, which had been raised for the first time at the November 19, 2003 hearing." In his brief, husband argues he "should have been allowed to be recalled, because the orderly presentation of evidence was severely compromised" due to wife's counsel's failure to appear at the September 23, 2003 hearing. Thus, he argued that the trial court's decision not to allow him to be recalled was "palpably improper."

Again, our review of the record on appeal, including the statement of facts, fails to show that husband argued, as he does in his appellate brief, that "the orderly presentation of evidence was severely compromised" due to wife's counsel's failure to appear at the September 23, 2003 hearing.

Accordingly, Rule 5A:18 bars our consideration of this question on appeal. Moreover, because husband presented evidence at the September 23, 2003 hearing at which he denied making a gift to wife and authorizing that the title be transferred to her, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

For these reasons, the decision of the trial court is summarily affirmed.

Affirmed.